NOEL COLÓN SANZ, Petitioner, *v.* FAUSTINO ESPINOSA, WARDEN OF THE DISTRICT JAIL OF SAN JUAN, Respondent.

No. HC-62-32.  Decided May 17, 1963.

*Santos P. Amadeo* and *Augusto Burgos Mundo* for petitioner. *J. B. Fernández Badillo, Solicitor General,* and *Héctor Orlandi Gómez, Assistant Solicitor General,* for respondent.

PER CURIAM: Petitioner filed in this Court a petition for habeas corpus and we issued a writ to examine his alleged illegal detention by respondent. He posted the bail fixed by the Court for his release pending decision of this petition.

The following appears from the facts alleged in the petition and admitted by respondent in his answer:[1] Petitioner was originally sent to jail for eight offenses of grand larceny upon bench warrants issued on April 18, 1962 by Judge Roberto Veray Torregrosa after having been arrested by a detective without a warrant issued by a competent magistrate. These eight warrants were set aside by Superior Judge Willis A. Ramos in the petition for habeas corpus on the ground that they did not comply with the provisions of § 38 of the Code of Criminal Procedure, according to which it is necessary to state briefly "the nature of the offense, and giving as near as may be the time when and the place where the same was committed."

The eight bench warrants having been set aside, the district attorney submitted to the same magistrate a ninth warrant issued by Judge Carreira Más on June 12, 1962 for another offense of grand larceny which was not vitiated by the same defect which caused the annulment of the former eight warrants. He also submitted to the magistrate sworn statements taken by the district attorney in the course of the investigation made by him in connection with all the offenses charged. Relying on those statements, Judge Ramos determined that there was probable cause against petitioner in the eight counts in which Judge Veray Torregrosa had previously issued bench warrants—and which Judge Ramos himself had just set aside—as well as in the ninth count in which Judge Carreira Más had subsequently ordered his commitment, which had been neither challenged nor set aside in the said habeas corpus proceeding.

It was when Judge Ramos determined, in view of the statements submitted by the district attorney, that there was probable cause, that petitioner's attorney moved the court to

---

[1] Respondent denied the allegation that there was no probable cause for petitioner's arrest and the conclusion that the investigation conducted by the district attorney was of "inquisitorial nature."

examine petitioner with the assistance of said attorney. The motion having been overruled, this petition for review was filed based essentially on petitioner's alleged right to a preliminary examination before making a determination of probable cause for his arrest, which examination includes the questioning of witnesses by the magistrate.

Although this Court has pursued the modern judicial tendency to favor the "broadening of the scope of inquiry in the habeas corpus in order to preserve the constitutional safeguards of human liberty," *Valentín* v. *Torres*, 80 P.R.R. 450, 461 (1958), it cannot overlook the legal principle that in order to discharge a petitioner by means of habeas corpus he must be entitled to his immediate release. Sections 487 and 496 of the Code of Criminal Procedure, 34 L.P.R.A. §§ 1759 and 1768; *Dones* v. *Saldaña*, 60 P.R.R. 177 (1942); *Buscaglia* v. *People*, 64 P.R.R. 177, 183 (1944). The fact that petitioner did not challenge in the petition for habeas corpus filed by him in the Superior Court the bench warrant issued by Judge Carreira Mas, nor the proceedings followed before the latter for the issuance thereof—as he did as to the other eight warrants issued by Judge Veray Torregrosa—nor the fact that Judge Ramos issued an order annulling such order, left standing his detention as to the ninth offense charged, independently of the new determination of probable cause made by the magistrate as to the other eight offenses. Under these circumstances, we need not consider in this appeal the issues raised by petitioner as to his right to a preliminary examination because they do not bear on his commitment for the ninth offense.

The writ issued will be quashed and the bail fixed by this Court is cancelled, ordering petitioner's recommitment.